### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**WILLIE LEE WILLIAMS, #61691**  **PETITIONER**

**VERSUS**  **CIVIL ACTION NO. 3:07-cv-358-WHB-LRA**

**JUSTICE DIAZ, et al.**  **RESPONDENTS**

### ORDER OF TRANSFER PURSUANT TO 28 U.S.C. § 1631

This matter comes before this Court, *sua sponte*, for consideration of transfer. The Petitioner, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the South Mississippi Correctional Institute, Leakesville, Mississippi, filed this request for habeas corpus relief pursuant to 28 U.S.C. § 2241.

Background

In August of 1999, Petitioner was convicted by the Marion County Circuit Court of sale or transfer of a controlled substance within 1500 feet of a school. As a result of this conviction, Petitioner was sentenced to serve 120 years in the custody of MDOC. However, on direct appeal, the Mississippi Supreme Court affirmed his conviction but reversed the sentence and remanded the case for re-sentencing, without the enhancement for selling within 1500 feet of a school. *Williams v. State of Mississippi*, 794 So.2d 181 (Miss. 2001), *reh'g denied* Sept. 13, 2001 (Cause No. 1999-KA-01666-SCT). On remand, the Marion County Circuit Court sentenced Petitioner to sixty-years in the custody of MDOC, without eligibility for parole, probation or early release. Subsequently, Petitioner's application for post-conviction collateral relief was denied by the Mississippi Supreme Court on July 25, 2002.

On February 21, 2003, Petitioner filed a petition for habeas relief pursuant to 28 U.S.C. §

2254 in this Court asserting various challenges to the constitutionality of his 1999 conviction and 2001 sentence. *Williams v. Sparkman*, civil action no. 2:03cv100RRo (S.D. Miss. May 10, 2004). On May 10, 2004, this Court entered a Final Judgment which dismissed the action, with prejudice. *Id*. The United States Court of Appeals for the Fifth Circuit dismissed Petitioner's appeal, as untimely, on October 4, 2005. *See Williams v. Sparkman*, 05-60723 (5th Cir. Oct. 4, 2005).

On July 10, 2006, Petitioner filed a motion with the Fifth Circuit requesting authorization to file a successive habeas petition. *In Re: Willie Lee Williams*, 06-60653 (5th Cir. Nov. 8, 2006). The Fifth Circuit denied Petitioner's request on November 8, 2006. *Id.* However, before the Fifth Circuit entered the order denying Petitioner's request, he filed a petition for habeas corpus relief in this Court. *See Williams v. King*, civil action no. 2:06cv208KS-MTP (S.D. Miss. Apr. 18, 2007). Ultimately, this petition was determined to be a second or successive petition filed without prior authorization of the Fifth Circuit and dismissed by this Court, with prejudice. *Id.*

Petitioner argues that his current request for habeas relief is asserted under 28 U.S.C. § 2241, as a challenge to the execution of his sentence, and therefore, not a successive § 2254 petition. Petitioner bases this assertion on the fact that he has named three Mississippi Supreme Court Justices as the respondents because they failed to rule on the merits of his illegal sentence, which is a challenge to his current illegal incarceration. As relief, Petitioner is requesting that this Court order the Mississippi Supreme Court to "hear [his] claims of illegal sentencing under the 'plain error doctrine' standard of review, without any procedural bars" and direct the court to reverse and remand his illegal sentence. *Pet*. at 8.

Analysis

A petitioner may attack his pre-trial custody or the manner in which his criminal sentence is being executed pursuant to 28 U.S.C. § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)*; United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992); *see also Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000)(section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration). Thus, in either case, the "purpose of the writ [filed pursuant to § 2241] is not to examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973). In contrast, a petition under 28 U.S.C. § 2254 grants relief to petitioners in custody pursuant to a judgment of a state court. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *see also Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973)("Section 2254 was enacted to regulate the use of habeas corpus for collateral attack on state criminal proceedings."). A state prisoner may even bring a claim for good conduct time under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Malchi v. Thaler*, 211 F.3d 953 (5th Cir. 2000).

In the instant case, Petitioner is a state prisoner who is attacking the constitutionality of his state court judgment of conviction and resulting sixty-year sentence. He is not challenging the validity of his custody pre-trial, nor is he a federal prisoner challenging the decision of an administrative body regarding the execution of his sentence. Because he is using habeas corpus to collaterally attack a state criminal proceeding, § 2254 is the proper vehicle through which habeas relief should be pursued. This Court has the power to liberally construe a *pro se* petitioner's pleading as one brought pursuant to another statute. *See Davis v. Fechtel*, 150 F.3d

486 (5th Cir. 1998)(court construed petition for mandamus relief as one filed pursuant to § 2241); *Dickerson v. Louisiana*, 816 F.2d 220 (5th Cir. 1987)(court construed § 2254 petition as a § 2241 petition). As such, the Court will consider Petitioner's instant request for habeas relief as a petition filed pursuant to 28 U.S.C. § 2254.

However, a petitioner who is filing a second or successive motion for habeas relief must first apply to the appropriate Court of Appeals for an order authorizing the District Court to consider the successive motion. 28 U.S.C. § 2244(b)(3)(A). As stated above, Petitioner's previous § 2254 petition for habeas relief, challenging this same conviction and sentence, was dismissed by this Court, with prejudice, on May 10, 2004 and Petitioner's second attempt at habeas relief, challenging this same conviction and sentence, was dismissed by this Court, with prejudice, on April 18, 2007. *Williams v. Sparkman*, civil action no. 2:03cv100RRo (S.D. Miss. May 10, 2004); *Williams v. King*, civil action no. 2:06cv208KS-MTP (S.D. Miss. Apr. 18, 2007). The Petitioner has failed to submit any documentation demonstrating that he has obtained the required authorization from the United States Court of Appeals for the Fifth Circuit to proceed with his cause in this Court. Therefore, this Court has determined that in the interest of justice, this cause should be transferred to the United States Court of Appeals for the Fifth Circuit for a determination whether this successive or second petition should be allowed. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997). Accordingly,

**IT IS HEREBY, ORDERED AND ADJUDGED** that Petitioner's instant request for habeas corpus relief is properly construed as a petition pursuant to 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED AND ADJUDGED** that pursuant to 28 U.S.C. § 1631, this petition for habeas corpus relief is transferred to the United States Court of Appeals for the

Fifth Circuit.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of this Court is directed to terminate all pending motions and close this case pending the decision of the United States Court of Appeals for the Fifth Circuit.

SO ORDERED, this the 10th day of August, 2007.

s/William H. Barbour, Jr.  
UNITED STATES DISTRICT JUDGE